[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT (MOTION NO. 112)
The plaintiff instituted the present action seeking to recover monetary damages for personal injuries sustained on November 11, 1998, when she claims to have fallen on a wet floor as the result of the leaking of an ice machine. One of the defendants against whom suit was brought is Neal Bowen d/b/a Best Economy Service ("Bowen") against whom negligence is claimed in the manner in which the ice machine was repaired by that defendant. The plaintiff further alleges that approximately one week prior to the plaintiff's fall the defendant Bowen was hired to repair the ice machine and that he did so negligently.
The defendant Bowen has filed a motion for summary judgment and has submitted an affidavit stating that on November 12th (the day after the plaintiff's fall) he was asked by Mr. Richard Krantz, while playing pool, to examine and repair the ice machine involved in the litigation. The affidavit further states that he went to the premises on November 16th, picked up the machine, repaired it off site and returned it the following day. He states further in his affidavit that he has always maintained a practice of filling out an invoice for service on the date the service was performed and accordingly has submitted an invoice for the work he performed dated November 16, 1998. The affidavit further states that during the week prior to the plaintiff's fall (when the complaint alleges he was hired) Bowen was in Myrtle Beach, South Carolina, looking for a retirement home.
The defendant has also submitted, with the agreement of counsel for the plaintiff, documents from Hubbell, Inc. indicating that a check was requested in the amount of the Bowen bill on November 17, 1998, and that a check dated November 25, 1998, was subsequently issued. However, the Hubbell, Inc. documents do not list the date of service. CT Page 4781
The defendant, therefore, asserts that he was not on the property prior to the date of the plaintiff's fall and the only services he performed were subsequent to that date.
The plaintiff argues that summary judgment is not appropriate in view of certain testimony given by Mr. Bowen in a related case prior to the time that service was instituted in the action in which Mr. Bowen is a defendant. At the time the deposition was taken, Mr. Bowen was not represented by counsel. The plaintiff's argument is based upon certain statements made in that deposition regarding the fact that a subpoena had been served upon Bowen to bring various records, receipts, repair records, etc., and was asked whether he had found any of those documents. The witness stated it disappeared with the accountant and that "somebody must have thrown all the stuff out, I guess." He also testified that he made a search for the records and he did not have anything and further testified that his accountant was dead. The defendant further asserts that when asked him who asked him to come fix the machine he stated that it was someone who worked in the office, "somebody who I ran into."
At the time the defendant was subpoenaed for a deposition, there was no suit pending against him, he was not represented by an attorney, and he had no obligation to comply with any discovery requests. A subpoena was served asking for documents which he did not have. Even if one disbelieves the affidavit filed by the defendant Bowen, the plaintiff still has not presented any evidence that Bowen was on the property to fix the ice machine prior to the plaintiff's fall.
Accordingly, there is no evidence submitted by the plaintiff that Bowen was asked to or repaired the ice machine prior to the plaintiff's fall. The only evidence submitted to the court is that he was asked to repair the ice machine the day after the plaintiff's fall and that he performed that service some five days after the plaintiff claims to have sustained her injuries.
Accordingly, the Motion for Summary Judgment is hereby granted.
RUSH, J.